UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REMO HARRISON DANIELS,

                    Plaintiff,

v.                                         Case No. 25-cv-901-pp

NATALIE PARSONS,

                    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 4)**

Plaintiff Remo Harrison Daniels, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that prison officials were deliberately indifferent to his threats of self-harm. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Natalie Parsons based on allegations that she ignored his threats to harm himself on April 17, 2025. Dkt. No. 7. This order addresses the plaintiff's motion for a preliminary injunction. Dkt. No. 4.

The plaintiff moves for a preliminary injunction to stop Wisconsin Department of Corrections (DOC) staff from walking away when he engages in self-harm or threatens to self-harm. Dkt. No. 4 at 1. The plaintiff states that the DOC has a policy to ignore incarcerated individuals when they self-harm, and that he could have died from blood loss based on that policy. Id. at ¶¶2-3. He avers that officers ignored him on April 30, June 15 and July 15, 2025,

1

when he said he was suicidal. Dkt. No. 5 at ¶¶4-6. The defendant filed a response in which she contends that the plaintiff's motion lacks merits because Columbia Correctional Institution never has had, and currently does not have, any policy or practice where staff walk away from an incarcerated person who is actively self-harming. Dkt. No. 14 at 1. The defendant states that the court should deny the plaintiff's motion. Id. at 2. The plaintiff did not file a reply.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) plaintiff has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) plaintiff will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Id. at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

Because the plaintiff is incarcerated, the scope of the court's authority to issue an injunction is limited by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The plaintiff is proceeding on a claim against the defendant for allegedly ignoring his self-harm threats on April 17, 2025. In his motion for preliminary injunction, the plaintiff states that since that incident, other prison staff ignored his threats of self-harm on April 30, June 15 and July 15, 2025. Dkt. No. 5 at ¶¶4-6.

The defendant's response materials reflect that the plaintiff arrived at Columbia Correctional Institution on April 30, 2025. Dkt. No. 17 at ¶7. That day, he had an intake evaluation where he made no mention of suicidal ideations. Id. at ¶6. He also had a nursing sick call; at that appointment, the plaintiff had two self-inflicted horizontal lacerations from reopening old wounds on his right thigh, although he was not actively bleeding. Id. at ¶7. The nurse treated the wounds with antiseptic, adhesive and Steristrips. Id.

3

On June 12, 2025, the plaintiff had a nursing sick call following self-harm to his left forearm. Id. at ¶¶8-9. He had an abrasion that was not actively bleeding. Id.

Two days later, on June 14, 2025, the plaintiff had a nursing sick call related to a hunger strike and self-harm. Id. at ¶10. After the appointment, the plaintiff stopped the nurse during noontime medication pass and asked her what the plan was for him, and she said she did not know, she would have to look and would get back to him. Id. The plaintiff said that he would "cut his leg open and begin to self-harm if nurse didn't tell him something immediately." Id. The nurse repeated that when she finished medication pass and returned to the HSU she would look into his concern. Id. The plaintiff immediately started to self-harm and a different nurse responded to a call from a security officer. Id. at ¶¶10-11. The plaintiff said that he had "picked the scab of the thigh wound" and staff cleaned and redressed the wound. Id. at ¶11.

On June 15, 2025, the plaintiff had a nursing sick call for swallowing a metal piece about 1.5 inches long. Id. at ¶12. Later that day, he saw an advanced care provider who ordered treatment for constipation and the plaintiff subsequently passed the metal piece. Id. The plaintiff's medical records do not show that he received treatment for self-harm incidents on July 15, 2025. Id. at ¶14.

The plaintiff has not established that the DOC has a policy of walking away from him when he threatens self-harm or when he is self-harming. The defendants' records show that the plaintiff has received treatment when he self-

4

harms and that his injuries have not been extensive. The fact that a staff member may leave the plaintiff's cell temporarily when he says he wants to self-harm does not mean that there is a DOC-wide policy to do so, or that his threats or being ignored. The plaintiff has not demonstrated that there is such a policy, and the court will deny his motion for injunctive relief.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 14th day of January, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**