UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REMO HARRISON DANIELS,

                    Plaintiff,

          v.                                         Case No. 25-cv-901-pp

NATALIE PARSONS,

                    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 28)**

---

Plaintiff Remo Harrison Daniels, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that prison officials were deliberately indifferent to his threats of self-harm. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Natalie Parsons based on allegations that she ignored the plaintiff's threats to harm himself on April 17, 2025. Dkt. No. 7. This order addresses the plaintiff's second motion to appoint counsel. Dkt. No. 28.

In this second motion to appoint counsel, the plaintiff states that he lacks legal training to properly respond to a motion for summary judgment, and that he believes he needs help with summary judgment. Id. at ¶¶1-2. He states that he has a very low reading and spelling level (grade 4), and that he has been diagnosed with a learning disability. Id. at ¶¶9-12. He states that he suffers from serious mental health problems. Id. at ¶5. The plaintiff asserts

1

that he still doesn't have the video footage or body cam, which makes it difficult to respond to summary judgment. Id. at ¶6. He alleges that the defendant has been untruthful with interrogatories. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To

2

demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with the lawyers' names, their addresses, how and when the plaintiff attempted to contact the lawyer and the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The court denied the plaintiff's first motion to appoint counsel:

> The plaintiff has satisfied the first requirement for appointment of counsel. His filings show that he made a reasonable

3

attempt to find a lawyer on his own and he included letters from lawyers who declined to represent him. Dkt. No. 23-1. However, the plaintiff's filings also show that he is capable of engaging in discovery and responding to a motion for summary judgment. The plaintiff's claim is not complex, and he can describe his version of the events giving rise to his claim. While the plaintiff says that he has a learning disability and mental health issues, his clear and concise filings show that he can advocate for himself. To the extent that the plaintiff has limited access to the law library, the court is generally willing to grant unrepresented incarcerated litigants more time, if needed. If the plaintiff needs an extension of time, he should file a motion for extension of time before the deadline at issue expires. Because the plaintiff can represent himself at this stage, the court will deny without prejudice his motion to appoint counsel.

Dkt. No. 24 at 3-4.

Based on the clarity of the plaintiff's second motion to appoint counsel, the court still believes that he can proceed on his own. The plaintiff may file a motion to compel regarding the video footage he says he has not been able to view yet. (Before filing a motion to compel, the plaintiff must communicate with the defendant's lawyer—by phone, email or regular mail.) As stated in the court's order denying the plaintiff's first motion to appoint counsel, the plaintiff's filings show that he can advocate for himself by engaging in discovery and responding to a motion for summary judgment. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion to appoint counsel. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 28th day of May, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

4